ACEVEDO· *v*. VÁZQUEZ.

APPEAL from the District Court of Mayagüez.

No. 232.—Decided April 22, 1908.

APPEAL—JUDGMENT CONTRARY TO THE EVIDENCE—CONSIDERATION OF THE EVI-
DENCE.—This court cannot consider the evidence when the appeal is taken after the expiration of the 15 days provided for by section 295 of the Code of Civil Procedure, and it must be presumed that the action of the trial court was correct in every respect.

The facts are stated in the opinion.
*Mr. Biaggi* for appellant.

*Mr. Vázquez* for respondent.

MR. JUSTICE FIGUERAS ·delivered the opinion of the court.

In the aforementioned district court Rosendo Acevedo· filed a complaint containing the following allegations of fact and prayers:

"First. The defendant, Fernando Vázquez, in his own right and as counsel for Attorney Luis Campillo, brought an action against my client, Rosendo Acevedo, for the recovery of a sum of money representing fees earned by said attorneys in the testamentary proceedings relating to the estate of the wife of my client, and in another action against him and José A. Silen, to the payment of ·which they were adjudged by the municipal court in which the proceedings were had, and the said Acevedo took an appeal from said judgment to this Supreme Court.

"Second. By public deed dated September 18, 1905, executed before Notary Juan Quintero, my client and Fernando Vázquez made the following agreement:

"Vázquez promised to acquire an estate of 14 *cuerdas* of land with a dwelling house, situated in *barrio* 'Limón' subject to execution by him on behalf of Isaac and Martiniano Martínez·in proceedings against the estate of Santurnino Ortíz, and to transfer by deed said estate to the plaintiff, Acevedo, in January, 1906,·if he had it in his name by that· time, giving him a receipt for·his fees and those of Mr. Campillo, and agreeing to discontinue that same day the proceedings instituted· for the recovery· of said fees.

"Acevedo agreed to pay Vázquez and Campillo by giving them a deed of sale to an estate belonging to him of 9 *cuerdas* of land situated in *barrio* 'Limón' planted with coffee and having a dwelling house and establishments for the gathering and preparation of the berry, taking off 1 *cuerda* from said estate for Lucia, Ramona, and María Ortíz, and agreeing to grant Vázquez the use of said establishments for preparing the crop of an adjoining estate belonging to him.

"Third. The plaintiff Acevedo commenced, and is ready to continue,, the performance of this contract, since the defendant Vázquez made use of the establishments of the plaintiff for the crop of the preceding year, and he could immediately convey to the defendant Vázquez the title to the estate of 9 *cuerdas*, but the latter, evincing no such disposition, let the said date of January, 1906, and all the time thereafter pass without acquiring the estate of 14 *cuerdas*, nor

has he discontinued the proceedings which he had instituted against my client.

"Fourth. It may be said that my client had abandoned his appeal relying upon the existence of said contract which put an end to the recovery of the fees and awaited the moment to carry out the agreement, but Vázquez, to the great surprise of my client and evading his obligations, appeared in this honorable court to contest the appeal which was then prosecuted by my client.

"Fifth. As a consequence of the acts of the defendant Vázquez the plaintiff Acevedo has sustained damages which he estimates at the sum of $200.

"Therefore, I pray this honorable court that, after compliance with the formalities of law, judgment be rendered adjudging the defendant, Fernando Vázquez—

"1. To perform the contract entered into with the plaintiff, Rosendo Acevedo, under date of September 18, 1905, and to this end that he be held to have discontinued or that he discontinue all proceedings against Acevedo to recover the fees which he demands for his own account and that of Mr. Campillo referred to in said contract.

"2. That he execute in favor of my client within the term which the court may see fit to fix, if it deem proper, a deed of sale to the 14 *cuerdas* of land promised and which he is to acquire by or under the execution issued against the estate of Saturnino Ortíz; and

"3. That he pay the plaintiff by way of damages the sum of $200, and receive from my client the deed of sale to the 9 *cuerdas* with the house and establishments thereon as agreed, and that he pay the costs.

"Mayagüez, February 18, 1907.    (Signed) Robustiano Biaggi."

The defendant in his answer accepted the first and second allegations of fact and denied the rest, setting up as new matter in opposition thereto that before and after January, 1906, he had taken proper and effective steps to secure the estate of Saturnino Ortíz which had been under execution proceedings instituted by him on behalf of Isaac and Martiniano Martínez, but had been unable to acquire it for reasons beyond his control, adding that neither could the plaintiff comply with his part of the agreement by delivering to him under sale the estate promised, because it is subject, together with other property, to the result of the testamentary proceedings re-

lating to the estate of the wife of the plaintiff, named María de la Cruz Acevedo, and he cannot acquire the ownership thereof until it is finally awarded to him.

The trial was held on these issues, documentary and oral evidence was taken, and on October 30, 1907, after the evidence introduced and the allegations of the parties had been heard, the court rendered judgment holding that the law and the facts were against the plaintiff, and therefore dismissed the complaint and ordered that nothing be recovered or obtained by the plaintiff from the defendant, and that the latter be relieved of all liability with respect to this complaint, the costs being taxed against the plaintiff.

The notice of appeal is dated November 29, 1907—that is to say, 30 days after the rendition of judgment.

The record was received in the office of the secretary of this Supreme Court on December 23, 1907.

It contains a statement of the case approved and signed by the trial judge.

Although the parties did not appear at the hearing both of them filed briefs, the appellant attacking the judgment appealed from and the respondent sustaining it, and, in the first place, alleging that the appeal had been taken out of time.

A perusal of the complaint reveals the fact that so far as the performance of the contract is concerned the final decision of this litigation must depend on the result of the evidence, because it is sought to ascertain whether the condition imposed upon Vázquez to acquire an estate within a certain period has or has not been complied with or whether Vázquez wilfully prevented its acquisition, because otherwise the obligation has not yet arisen nor consequently has the moment arrived for enforcing its performance.

Upon these points of fact we can neither affirm nor deny anything, because the judgment appealed from would then be attacked on the ground that it is not supported by the evidence, since the appellant does not show the commission of an error of law independent of a fact made the object of the evi-

dence at the trial, which error of law would decide this litigation in favor of the appellant.

But it is evident that the appeal was taken after the expiration of the 15 days fixed by the second subdivision of section 295 of the Code of Civil Procedure, and it is clear that in this case we cannot discuss and decide whether the trial judge erred or not in his findings on the evidence which he considered in rendering the judgment appealed from, and it is to be assumed that he acted properly and impartially.

This principle, which arises from the law itself and which has been strengthened by the doctrine established by the Supreme Court of California, has been announced by us in numerous cases, including the following: *Rafael Valentín Román* v. *The American Railroad Co., of Porto Rico,* volume 3, pamphlet 1, p. 31, *Decisiones de Puerto Rico,* decided January 29, 1906; *Estate of Maisonave* v. *Julian Maisonave et al.,* decided December 5, 1907; *Successors of Oliva & Co.* v. *J. Matienzo & Co.,* decided December 12, 1907; *José I. Esteras* v. *Josefa Ríos Colón et al.,* decided December 23, 1907; *Ricardo Ortíz Ríos* v. *Trinidad Molina,* decided December 23, 1907; *Pedro Muñoz Lamberty et al.* v. *Juan Vicenty y Ramos,* decided March 12, 1908; *Modesto Cobián* v. *Julio O. Abril,* decided April 3, 1908.

Nor does the complaint state the facts constituting the cause of action for the damages claimed. We see absolutely nothing therein warranting such damages because at the present time every complaint should contain, even if it be in ordinary and concise language, a statement of the facts from which the cause of action arises according to subdivision 2 of section 103 of the aforesaid code.

The case above cited of *Modesto Cobián* v. *Julio O. Abril,* decided on the 3d of the current month of April, may also be consulted on this point.

In conclusion, we therefore believe that the judgment ap-

pealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing in this case.